IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| DAVID MACGREGOR, et al., | ) | |
| | ) | Civil No. 2:10-CV-03088 |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FARMERS INSURANCE EXCHANCE, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on plaintiffs' motion to toll the statute of limitations of the Fair Labor Standards Act ("FLSA") for putative opt-in plaintiffs. For the reasons set forth below, the court denies plaintiffs' request.

## I.  BACKGROUND

Plaintiffs David MacGregor, James Cantrell, and Debra Carnahan filed their original complaint against defendant Farmers Insurance Exchange ("FIE") on December 3, 2010. Chris Fluri filed his Notice of Consent to Opt In to the lawsuit on January 13, 2011. On January 31, 2011, FIE filed its first motion to dismiss. On February 14, 2011, plaintiffs filed an amended complaint, and on March 3, 2011, defendant filed another motion to dismiss.

Plaintiffs filed a motion for conditional certification on March 4, 2011. The parties jointly moved to stay defendant's deadline for responding to plaintiffs' conditional certification motion until the court addressed defendant's motion to dismiss. Plaintiffs responded to the motion to dismiss on March 21, 2011, and defendant replied on March 31, 2011. This court held a hearing on defendant's

1

motion to dismiss and partially denied and partially granted the motion on June 16, 2011. Plaintiffs filed the present motion on March 24, 2011.

## II.  DISCUSSION

Plaintiffs request that this court "toll the statute of limitations for the putative opt-in plaintiffs . . . until 30 days after the Court rules on defendant's partial motion to dismiss" because judicial delay could unjustly deprive potential claimants from the right to participate in the suit. Pls.' Mot. 2.

Equitable tolling is appropriate in two circumstances: (1) the adverse party's misconduct caused the missed deadline, see Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990), and (2) "extraordinary circumstances beyond the plaintiffs' control made" timely filing impossible. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Plaintiffs have not alleged misconduct by defendant. Under the second scenario, plaintiffs bear the burden of demonstrating that: (1) they diligently pursued their rights and (2) some extraordinary circumstance prevented timely filing. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010); Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008). "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330; see also Jackson v. Kelly, ---F.3d----, 2011 WL 1534571, at *11 (4th Cir. Apr. 25, 2011) ("Federal courts extend equitable relief only sparingly . . . reserv[ing tolling] for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.").

The FLSA, 29 U.S.C. §§ 216(b) and 256, requires that the statute of limitations continue to run for a potential claimant in an FLSA collective action until he or she consents in writing to become a party plaintiff. "Congress contemplated a gap between the time a collective action is initiated and the time the statute of limitations is tolled by the filing of an opt-in consent." Noble v. Serco, No. 08-0076, 2009 WL 3254143, at* 2 (E.D. Ky. Oct. 7, 2009). "Congress knew when it enacted 29 U.S.C. § 256 that time would lapse between the filing of the collective action complaint by the named plaintiff and the filing of written consents by the opt-in plaintiffs, yet it chose not to provide for tolling of the limitations period." Woodard v. FedEx Freight East, Inc., No. 06-1968, 2008 WL 471552, at *16 (M.D. Pa. Feb. 19, 2008). Congress could have avoided the foreseeable delay of good faith motions and judicial decision-making by patterning the statute of limitations for the FLSA after that of Rule 23 for class actions; however, they did not do so. The fact that a statute creates procedural requirements that limit some potential claimants' participation in a suit, standing alone, is insufficient to toll the statute of limitations.

Plaintiffs argue that defendant's motion to dismiss combined with the above mentioned procedural requirements constitute "extraordinary circumstances" in which tolling would be appropriate. Several courts have held that equitable tolling is warranted while dispositive motions are pending before the court. See e.g., Antonio-Morales v. Bimbo's Best Produce, Inc., No. 08-5105, 2009 WL 1591172 (E.D. La. Apr. 20, 2009) (tolling the statute of limitations for an FLSA collective action during the pendency of a procedurally required stay for § 1595 claims); see also Owens v. Bethlehem Mines Corp., 630 F.Supp. 309 (S.D.W. Va. 1986) (tolling statute of

limitations where certification was not ruled upon by the court for over a year). The majority of cases cited by plaintiffs, however, present more compelling circumstances than those of this case.

Defendant has only filed a motion to dismiss the complaint and a motion to dismiss the amended complaint. The final brief on the motion to dismiss the amended complaint was filed on March 31, 2011, and the court partially granted and partially denied the motion on June 16, 2011. A motion to dismiss is not out of the ordinary, nor is the time frame in which the court considered the motion; both are far from "extraordinary" without more.

If, at some later date, extraordinary circumstances of delay arise, plaintiffs may refile their request; however at this time, the court will not "alter the express terms of the statute" because of hardships the statute's defined procedure may create. Atkins v. General Motors Corp., 701 F.2d 1124, 1130 n.5 (5th Cir. 1983).

### III.   CONCLUSION

For the foregoing reasons, the court **DENIES** plaintiffs' motion to toll the statute of limitations.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE**

**July 13, 2011
Charleston, South Carolina**