UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| DAVID MACGREGOR, *et al.*, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Plaintiffs, | |
| v. | Civil Action No. 2:10-cv-03088-DCN |
| FARMERS INSURANCE EXCHANGE, | |
| Defendant. | |

### DEFENDANT'S OPPOSITION TO MOTION TO INTERVENE

Defendant Farmers Insurance Exchange ("FIE"), by and through its attorneys and pursuant to Local Rule 7.06, hereby submits the following Opposition to Chris Fluri's Motion to Intervene (Doc. 64).

**I.  INTRODUCTION**

With his Motion to Intervene, Plaintiffs and Mr. Fluri seek to circumvent the parties' long-passed August 22, 2011 deadline for adding parties to this lawsuit. Mr. Fluri also attempts to circumvent this Court's July 22, 2011 ruling that he, Plaintiffs, and the other individuals whom Plaintiffs sought to represent are not similarly situated and that collective treatment would be inappropriate and judicially inefficient because their claims do not arise from a uniform, unlawful FIE policy. And Plaintiffs and Mr. Fluri cannot deny that during the period relevant to this lawsuit, Mr. Fluri worked in a different zone and under different supervisors than Plaintiffs. Based on these facts alone, Mr. Fluri's Motion is both inappropriate and untimely.

Mr. Fluri's Motion is also unwarranted when the remaining requirements for Rule 24 intervention are considered. Because of this Court's July 22, 2011 order denying conditional certification of Plaintiffs' claims, Mr. Fluri has no interests in the subject matter of this litigation

that will be impaired or impeded if he does not participate in this action. Any rulings in this lawsuit will hinge on this Court's or the jury's findings as to each Plaintiff's claims. In other words, Mr. Fluri's claims will not be considered in this action. Determinations regarding liability in this action will have no relation to any liability purportedly arising from the actions of Mr. Fluri and his supervisors; and Mr. Fluri, as a non-party to this lawsuit, will not be bound by this Court's determinations in this action in any event. The individualized nature of Plaintiffs' claims also means that Mr. Fluri does not have a claim that shares a common question of law or fact with Plaintiffs' claims. As Mr. Fluri acknowledged in his Motion, "the manner in which Mr. Fluri was treated may have differed" from Plaintiffs, and "Mr. Fluri may want to 'emphasize different aspects' of Defendant's policies." (Doc. 64 at ¶ 8.) For these reasons, each of which FIE more fully details below, this Court should deny Mr. Fluri's Motion.

## II.     PROCEDURAL AND FACTUAL BACKGROUND

### A.     This Court Has Found That Resolving Plaintiffs' Claims Will Require Individualized Inquiries

Plaintiffs moved for conditional certification of an opt-in class on March 4, 2011. (Doc. 26.) Mr. Fluri, who had previously filed a notice of consent to join the litigation as an "opt in" plaintiff, would have been a member of their proposed class. (Doc. 12-1.) On July 22, 2011, this Court denied Plaintiffs' motion, agreeing with FIE that Plaintiffs are not similarly situated with Mr. Fluri or the proposed class because, as Plaintiffs had admitted, FIE's policy "prohibited employees from working 'off the clock.'" (*See* Order, Doc. 53 at 6.) Accordingly, proof of Plaintiffs' claims will require proof of individual actions by Plaintiffs' supervisors in violation of FIE policy. (*Id.* ("Plaintiffs' allegations suggest that had the supervisors approved requested overtime, either before or after it was worked, FIE would have appropriately compensated . . . for overtime hours. Thus, each supervisor's actions are essential to establishing any violation of

the law. Requiring supervisor approval for work hours, automatically deducting lunch breaks, and FIE's method of assigning work do not violate the FLSA without more.").)

### B. Mr. Fluri Worked In a Different Zone Under Different Supervisors

Plaintiffs and Mr. Fluri have not, either in the Reply in support of Plaintiffs' motion for conditional certification or in any other pleading filed since then, disputed FIE's showing that Mr. Fluri worked in a different zone from Plaintiffs and under different supervisors. Mr. Fluri worked during the relevant time period in the Raleigh, North Carolina zone and was supervised by Field Claims Supervisors Scott Young, Linda Mannisto, and Michael Miller, who supervised other field claims representatives working in Indiana, Kentucky, North Carolina, and Illinois. (Young Decl., Doc. 46-7 at ¶¶ 3, 5; Mannisto Decl., Doc. 46-8 at ¶¶ 3-4, 8; Miller Decl., Doc. 46-6 at ¶¶ 3-4.) Plaintiffs worked in the Atlanta zone and were supervised by Field Claims Supervisors Bryan Meyers, Brandon Ridley, and Herbert Wells, who also supervised other field claims representatives working in Georgia and South Carolina. (Meyers Decl., Doc. 46-5 at ¶¶ 3, 6.)[1]

Thus, how Mr. Fluri recorded his time or how his supervisors approved it has nothing to do with Plaintiffs' timekeeping actions and those of their supervisors. In fact, Mr. Fluri admits in his Motion that "the manner in which [he] was treated may have differed" from the manner in which Plaintiffs were treated. (Doc. 64 at ¶ 8.)

---

[1] In response to Plaintiffs' first interrogatories, FIE identified Brandon Ridley and Herbert Wells as Field Claims Supervisors who supervised Plaintiff Cantrell.

### III.   ARGUMENT AND ANALYSIS

#### A.   Legal Standard For Intervention

##### 1.   The Legal Standard For Intervention Generally

Whether Mr. Fluri seeks to intervene under Rule 24(a) or (b) of the Federal Rules of Civil Procedure, he was required to file a complaint with his Motion. *See* Fed. R. Civ. P. 24(c) ("The motion [to intervene] must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."). He has not done so, and his Motion could be denied for this reason alone. *See, e.g.*, *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993) (finding that district court did not abuse its discretion by denying motion to intervene for failure to comply with Federal Rule 24(c)); *Abramson v. Pennwood Inv. Corp.*, 1967 WL 90558, at *2 (E.D.N.Y. 1967) ("The movant's failure to file a pleading along with his motion papers, as required by Rule 24(c), is fatal to his application. Neither the service of a notice of motion, nor the statement that the movant wishes to set forth the claim of the original complaint or, in effect, simply join as a party plaintiff, is sufficient.").

He was also required to file it timely. *See* Fed. R. Civ. P. 24(a); *id.* at 24(b); *see also Gould v. Allegheny Bev. Corp.*, 883 F.2d 281, 286 (4th Cir. 1989) ("Both intervention of right and permissive intervention require timely application."). As discussed further below, he has not done so. Over six months have passed since the denial of Plaintiffs' motion for conditional certification. (Doc. 56 at ¶ 11.) And more than five months have passed since the deadline for Plaintiffs to amend the pleadings to add Mr. Fluri as a party. (Doc. 53.)

Because Mr. Fluri's Motion fails to comply with Rule 24(c) and is untimely both as a motion to intervene and as a motion to add him as a party, Mr. Fluri's Motion should be denied without any further inquiry into his arguments. Nevertheless, if this Court wishes to consider

Mr. Fluri's improper and untimely Motion, it still fails because it does not meet the remaining requirements of Rule 24(a) or (b).

### 2. The Legal Standard For Intervention As Of Right

To intervene as a matter of right under Federal Rule 24(a), Mr. Fluri must demonstrate not only that his Motion is timely but also that he has a "'direct and substantial interest' in the subject matter of the litigation" that would be "significantly impair[ed] or impede[d]" if he is not allowed to intervene because his "interests are not adequately protected by the existing parties." *See Richman v. First Woman's Bank*, 104 F.3d 654, 658-59 (4th Cir. 1997); *Reaching Hearts Int'l, Inc. v. Prince George's Cnty.*, No. 05-cv-1688, 2011 WL 4459095, at *2 (D. Md. Sept. 23, 2011) (Doc. 64-2). As will be discussed below, Mr. Fluri has not made these required showings.

### 3. The Legal Standard For Permissive Intervention

To obtain permissive intervention under Federal Rule 24(b), Mr. Fluri must show not only that his Motion is timely but also that he has a "claim or defense that shares with the main action a common question of law or fact." *See* Fed. R. Civ. P. 24(b)(1)(B); *Penn. Nat'l Mut. Cas. Ins. Co. v. Perlberg*, 268 F.R.D. 218, 225 (D. Md. 2010). As will be discussed below, Mr. Fluri has not made this required showing either. Even if he did, he is not entitled to intervention because this Court has broad discretion in deciding motions for permissive intervention. *Id.* Such discretion should not be exercised in this case because his involvement will cause judicial inefficiencies. (Doc. 53 at 4 ("If individualized determinations are likely to predominate, collective action will hinder, rather than promote efficient case management, and thus notice should not be granted.").)

### B. Mr. Fluri Has No Right To Intervene Because His Motion Is Not Timely

Mr. Fluri's Motion should be denied because it is inexplicably untimely. "The courts are in general agreement regarding the considerations relevant to determin[ing] . . . timeliness . . . ."

5

*Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir. 1989).  Among the considerations are "how far the suit has progressed" and "the reason for the tardiness in moving to intervene."  *Id.* (internal citations omitted).

     This litigation is more than one year old, and Mr. Fluri has provided no reason for his tardiness in seeking to participate in this multi-plaintiff lawsuit.  He sought permission to join this lawsuit as an "opt-in" plaintiff in January 2011, when it still had the potential to become a collective action.  (Doc. 12-1.)  He was dismissed, however, pursuant to this Court's July 22, 2011 ruling denying Plaintiffs' motion to conditionally certify an opt-in class.  (Doc. 53.)  There was no need for this Court to provide this expressly; dismissal was automatic.  *See Ceras Campo v. WF Ptnsp.*, No. 5:10-cv-0215, 2011 WL 588417, at *2 (E.D.N.C. Feb. 9, 2011) (if a class is decertified, "the opt-in[s] are dismissed . . ."); *Bayles v. Am. Med. Response of Colo.*, 962 F. Supp. 1346, 1347-48 (D. Colo. 1997) ("[M]y [decertification] order . . . could mean nothing else but that all of the [opt-ins]. . . were no longer part of the case.  I fail to see how such persons could remain in the case in any capacity if not included among those 'similarly situated' to the named plaintiffs.").[2]

     Even after denial of his request to participate in this lawsuit as an opt-in plaintiff, Plaintiffs and Mr. Fluri had a full month under this Court's Amended Scheduling Order to move for permission to amend the pleadings to add him as a party plaintiff.  (Doc. 56 at ¶ 11.)  They made no such motion.

---

[2] Moreover, it is irrelevant that this Court did not first certify, and then decertify, this case as a collective action.  *McElmurry v. US Bank Nat'l Ass'n*, No. 04-cv-0642, 2007 WL 1276958, *3 (D. Or. Mar. 23, 2007) (when court rules plaintiffs cannot proceed as collective action, this dismisses the opt-ins' claims, even if the "two-tiered approach" to analyzing FLSA claims is not strictly followed*); Williams v. Accredited Home Lenders, Inc.*, No. 1:05-cv-1681, 2006 WL 2085312, at *5 (N.D. Ga. July 25, 2006) (dismissing all opt-in plaintiffs without prejudice upon denial of conditional certification); *Odem v. Centex Homes*, No. 3:08-cv-1196, 2010 WL 424216, at *2 (N.D. Tex. Feb. 4, 2010) (same).

By filing this Motion, Mr. Fluri acknowledges that he is not currently part of this lawsuit. And this is not Plaintiffs' and Mr. Fluri's only action establishing their understanding of this fact. FIE responded to Plaintiffs' first document requests, requests for admission, and interrogatories on September 13, 2011, as to Plaintiffs, but not as to Mr. Fluri, on the grounds that Mr. Fluri is not a party to this action. Plaintiffs did not move this Court to compel discovery as to Mr. Fluri, even though they had attempted to include him in the discovery requests by defining "Plaintiffs" in the requests as including Mr. Fluri. Plaintiffs also noticed the depositions of, among others, Scott Young, one of Mr. Fluri's former Field Claims Supervisors, and Steve Prins, a manager in the zone in which Mr. Fluri, but not Plaintiffs, worked. FIE responded that it would not produce Mr. Young and Mr. Prins for depositions as their personal knowledge related only to the employment of Mr. Fluri, who is not a party to this action. Plaintiffs have not moved to compel these depositions. In other words, discovery has proceeded, and Plaintiffs have conceded that Mr. Fluri is not properly a part of it.

In sum, Plaintiffs and Mr. Fluri waited for more than a year after Mr. Fluri knew of this litigation, and over six months after Mr. Fluri was denied participation in this case, before filing this Motion. This Honorable Court's "Conference and Scheduling Order and Rule 26(f) Report Form" includes in the instructions an explanation of the importance of timely moving to add parties:

> [Amendment of pleadings] is the earliest deadline for a very important reason: to allow discovery to address all issues and all potential parties. Late requests to amend are, therefore, strongly discouraged. This is especially true if the amendment would add a party. Any request to amend after the scheduling order deadline should include an explanation of why the amendment could not have been sought earlier.

(Doc. 49 at 7.)  Mr. Fluri's Motion is late.  Plaintiffs' deadline for adding him as a party expired on August 22, 2011.[3]  (Doc. 56 at ¶ 1.)  Plaintiffs and Mr. Fluri have not and cannot explain why they did not move to amend the pleadings to add him as a party or move to intervene earlier.

### C.  Mr. Fluri Has No Right To Intervene Because He Does Not Have a Direct And Substantial Interest In This Litigation

Mr. Fluri's Motion also fails under Rule 24(a) because his interest in this litigation, if any at all, is not direct and substantial.  Mr. Fluri argues that he has the requisite "direct and substantial" interest because his claim is "based on the same overtime . . . policies that the Plaintiffs were subjected to and which resulted in numerous FLSA violations."  (Doc. 64 at ¶ 6.)  But he ignores this Court's July 22, 2011 ruling that FIE's policies do not, without more, subject it to FLSA violations.  (Doc. 53 at 6.)[4]  And as FIE has shown before, Mr. Fluri worked in a different setting than Plaintiffs.  (Doc. 46 at 18, n.74.)  In fact, Mr. Fluri admits in his Motion that "the manner in which [he] was treated" under FIE's policies "may have differed" from the manner in which Plaintiffs were treated.  (Doc. 64 at ¶ 8.)  Thus, Mr. Fluri's claim that he has a direct and substantial interest in this litigation based on the policies at issue is unavailing.

### D.  Mr. Fluri Has No Right To Intervene Because He Does Not Have an Interest That Would Otherwise Be Impeded And Must Be Represented

Mr. Fluri's request to intervene also fails because he cannot show that he has interests that would be impaired without an opportunity to intervene and which must be represented.  As of this Court's July 22, 2011 order, Mr. Fluri is no longer a putative opt-in plaintiff; thus, he is

---

[3] While the parties sought and obtained this Court's permission to extend the deadlines for discovery, dispositive motions, and mediation, they did not seek to extend any deadlines that had already passed, including the expired deadlines for adding parties and identifying expert witnesses.  (*See* Joint Mot. Ext. Time & Am. Sched. Order, Doc. 62.)

[4] Specifically, this Court found that FIE's alleged policies "do not violate the FLSA without more."  (Doc. 53 at 6.)

8

not bound by the determinations in this lawsuit.  *See, e.g. Escobedo v. Dynasty Insulation, Inc.*, No. 3:08-cv-0137, 2009 WL 2382982, at *5 (W.D. Tex. July 31, 2009) (noting that when a lawsuit is not certified for trial, opt-in plaintiffs are not parties and are not bound by any judgment in the lawsuit).  Thus, he has no interests in this matter with which this Court need concern itself.

Mr. Fluri cites *Stone v. First Union Corp.*, 371 F.3d (11th Cir. 2004), for the proposition that because he is "alleging he was subjected to the same policies and practices as Plaintiffs, the potential for negative *stare decisis* effects grants [him] the right to intervene." (Doc. 64 at ¶ 7.) *Stone* is inapposite.  That case concerned an alleged ADEA violation; the court's "ruling on whether the [employer]'s policy, as a matter of law, was in violation of the ADEA could influence later suits."  *Stone*, 371 F.3d at 1310.  In contrast, as noted above, this Court has already found that FIE's policies have not been put at issue by Plaintiffs' claims; only Plaintiffs' supervisors' purported individual actions in alleged violation of FIE's policies are at issue.

In fact, this case is more like *Roussell v. Brinker Int'l, Inc.*, No. 05-cv-3733, 2009 WL 6496504 (S.D. Tex. Jan. 26, 2009), an FLSA case alleging tip-sharing violations at Chili's Bar & Grill restaurants across the country.  The *Roussell* court denied intervention to a group of former opt-ins who were dismissed upon the court's finding that they and the named plaintiffs were not similarly situated.  The court found that, unlike in *Stone*, the former opt-ins' claims were not bound together by a common policy; instead, "some of the relevant inquiries [would] require a determination that varies store-by-store or even manager-by-manager."  *Id.* at *10.  While the former opt-ins may have shared a common legal question with the named plaintiffs (i.e., "did the employer violate my FLSA rights?"), they failed to show that they shared "important factual circumstances relevant to their claim."  *Id.* at *10.  Thus, there was no *stare decisis* concern.  *Id.*

9

For the same reasons, Mr. Fluri's *stare decisis* argument is unavailing. *See also Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1304 (11th Cir. 2008) (distinguishing *Stone, supra* and rejecting the argument that there was a *stare decisis* concern that warranted intervention: "Fox and the petitioners who seek to intervene in this action, in contrast with the employees in *Stone*, do not challenge a single, company-wide policy about compensation for donning and doffing. Decisions about compensation were made on a plant-by-plant, department-by-department, and even line-by-line basis.").

### E.     Permissive Intervention Is Also Improper

Mr. Fluri also falls short under the standard for permissive intervention under Federal Rule of Civil Procedure 24(b). First, the timeliness standard for permissive intervention and mandatory intervention is the same. *See Gould v. Allegheny Bev. Corp.*, 883 F.2d 281, 286 (4th Cir. 1989) ("Both intervention of right and permissive intervention require timely application."). As shown above, the Motion is not timely. Second, Mr. Fluri fails to demonstrate that he has a claim that shares a common question of law or fact with Plaintiffs' action. This Court has already found that the policies Plaintiffs take issue with are not in and of themselves unlawful, and that Plaintiffs have made allegations regarding only supervisor-specific actions. Just as a collective action is inappropriate in such circumstances, intervention by Mr. Fluri is inappropriate. *Roussell*, 2009 WL 6496504, at *12 (denying permissive intervention because where collective treatment is not warranted, allowing diverse individuals to intervene is also unwarranted; trial with respect to a diverse group of plaintiffs, whether in the form of a collective action or through intervention, is equally unfair to defendants where the plaintiffs and putative class members or intervenors are not similarly situated).

Moreover, Mr. Fluri's claim that judicial efficiency would be maximized by allowing him to intervene is untenable. This case already presents the potential for three separate trials based

on the individualized nature of each plaintiff's claims.  Mr. Fluri's intervention in this matter would add a potential fourth trial.  The individualized issues that his claims would introduce are the exact same individualized issues that caused this Court to rightly find conditional certification improper.  And determining these individualized issues will create judicial inefficiency.  (Doc. 53 at 10 ("The necessity for independent inquiries into each alleged violation makes collective action likely to hinder rather than promote judicial economy.").)

> **F.     FIE Is Willing To Re-Offer a Compromise Previously Offered To Mr. Fluri Before He Filed His Motion To Intervene**

Mr. Fluri's participation as an intervenor or party in this lawsuit would be confusing for the fact-finder on a dispositive motion or at trial and potentially prejudicial to one or more of the parties because joint consideration of each plaintiff's and Mr. Fluri's claims and of FIE's defenses as to each may lead to the imputation to others of the evidence proven as to one.  Indeed, even one trial of the named plaintiffs' claims together could be prejudicial for these reasons.[5]  FIE has been willing to proceed with the three named plaintiffs in the same lawsuit for discovery purposes because, prior to trial, the relevancy of evidence as to one plaintiff versus another is not at issue.  For the same reason, FIE would not object to Mr. Fluri filing a separate lawsuit in this Court to be coordinated, but not consolidated, with this lawsuit for pretrial purposes.  Such coordination would provide the parties and this Court with any potential, albeit limited, efficiencies that can be squeezed from coordinated discovery of Plaintiffs' and Mr. Fluri's individual claims, without risking the confusion of the fact-finder or prejudice to either party that could result from the conglomeration of the claims or defenses regarding the various

---

[5] While it has not yet moved to do so, FIE may ultimately move to sever Plaintiffs' claims for trial for this reason.

plaintiffs and Mr. Fluri. FIE previously made this offer to Mr. Fluri's counsel when it was asked whether it would oppose Mr. Fluri's Motion to Intervene.

## IV.     CONCLUSION

This Court should deny Mr. Fluri's Motion to Intervene because it is inexcusably untimely, whether considered as a motion to intervene or a motion to amend the pleadings to add Mr. Fluri as a party. This Court should also deny the Motion because Mr. Fluri fails to comply with Rule 24(c), does not have a substantial interest in this litigation that would be impaired or impeded if he is not allowed to intervene, and does not raise a claim that shares a question of law or fact that can be resolved commonly, or collectively, with Plaintiffs' claims. Indeed, the same reasons that warranted denial of Plaintiffs' motion for conditional certification warrant denial of Mr. Fluri's Motion. His involvement in this lawsuit would create judicial inefficiency. It would also cause confusion and potentially prejudice one or more parties. For all of these reasons, FIE respectfully requests denial of Mr. Fluri's Motion to Intervene. FIE also respectfully submits that it would agree to coordination of Mr. Fluri's claims with this lawsuit if Mr. Fluri files a separate lawsuit with this Court to ensure his claims are determined separately on a dispositive motion or at trial.

[SIGNATURE BLOCK APPEARS ON FOLLOWING PAGE]

Respectfully submitted this 16th day of February 2012.

          DEFENDANT FARMERS INSURANCE EXCHANGE

          By   s/Jennifer K. Dunlap

George E. Preonas (admitted *pro hac vice*)    Jennifer K. Dunlap
Andrew M. Paley (admitted *pro hac vice*)     Fed. ID No. 10110
SEYFARTH SHAW LLP    Parker Poe Adams & Bernstein LLP
2029 Century Park East, Suite 3500    200 Meeting Street, Suite 301
Los Angeles, CA 90067    Charleston, SC 29401-3156
(310) 277-7200    (843) 727-2658
(310) 201-5219 facsimile    (843) 727-2680 facsimile
gpreonas@seyfarth.com    jennidunlap@parkerpoe.com
apaley@seyfarth.com

          Local Counsel for Defendant

Louisa J. Johnson (admitted *pro hac vice*)
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E., Suite 2500
Atlanta, GA 30309-3962
(404) 888-1023
(404) 724-1523 facsimile
lojohnson@seyfarth.com

Lead Counsel for Defendant