IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| DAVID MACGREGOR, ET AL., ) | |
| ) | Civil No. 2:10-CV-03088 |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| FARMERS INSURANCE EXCHANGE, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____ ) | |

      This matter is before the court on plaintiffs' motion to reconsider this court's July 22, 2011 Order, or in the alternative, motion to allow notice to a more limited class. For the reasons set forth below, this court denies plaintiffs' motions, but permits plaintiffs to re-file their motion to notify a limited class by May 15, 2012.

      Because the motion to reconsider was filed more than 28 days from the date of this court's decision, it is not proper under Federal Rule of Civil Procedure 59(e) and must be considered under Rule 60(b). In order to obtain relief under Rule 60(b), "the moving party must make a threshold showing that (1) its motion was timely made; (2) it had a meritorious defense; (3) no unfair prejudice to the opposing party would result; and (4) exceptional circumstances warranted relief from the judgment." Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010). Plaintiffs have failed to show that their motion was timely or that exceptional circumstances warrant relief from judgment; therefore, the threshold requirements of Rule 60(b) have not been satisfied. Mayfield v. Nat'l Ass'n Stock Car Auto Racing, Inc., No. 10-2437, ---F.3d ----, 2012 WL 990520 (4th Cir. Mar. 26, 2012) ("Rule 60

1

provides for an extraordinary remedy that should not be awarded except under exceptional circumstances.").

Furthermore, plaintiffs did not explain which prong of Rule 60(b) justified vacating this court's earlier order, but only claim that this court committed "clear legal error," which justifies reconsideration under Rule 59(e).  Robinson, 599 F.3d at 420.  Reviewing their argument under Rule 60(b)(1) and 60(b)(6), the court finds plaintiffs' arguments insufficient.  Plaintiffs have not cited any authority contrary to this court's order which is binding on this court.  Rather, plaintiffs' motion is "nothing more than a request that [this] court change its mind, [which] . . . is not authorized by Rule 60(b)."  United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982).  "The limits on 60(b) review are designed to protect the finality of judgments."  Reid v. Angelone, 369 F.3d 363, 370 (4th Cir. 2004).  Because plaintiffs have failed to meet the threshold and substantive requirements of Rule 60(b), this court denies plaintiffs' motion for reconsideration.

Plaintiffs have requested notification of a more limited class; however, the boundaries of that class changed from the briefing to the hearing.  Plaintiffs' motion to renew is denied with leave to renew their motion by May 15, 2012, to explain the parameters of and justifications for the more limited class.

For the foregoing reasons, the court **DENIES** plaintiffs' motion to reconsider, and **DENIES** plaintiffs' motion to renew, with leave to re-file by May 15, 2012.

**AND IT IS SO ORDERED**.

 

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 30, 2012**
**Charleston, South Carolina**