**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| DAVID MACGREGOR, ET AL., ) | |
| ) | Civil No. 2:10-CV-03088 |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| FARMERS INSURANCE EXCHANCE, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on plaintiffs' motion for conditional certification. For the reasons set forth below, the court grants plaintiffs' motion. In order to assist the parties with their pending mediation, this court issues the current order in brief, but reserves the right to file a more detailed order if necessary.

On December 3, 2010, plaintiffs David MacGregor, James Cantrell, and Debra Carnahan filed a complaint against Farmers Insurance Exchange (Farmers) for quantum meruit and violations of the Fair Labor Standards Act (FLSA). On March 4, 2011, plaintiffs moved for conditional certification of a class of all Farmers property claims representatives (PCRs). Though plaintiffs each worked in the Atlanta regional zone the last three years and under the same supervisor for some time, plaintiffs initially requested certification of a nationwide class. The court denied that motion on July 22, 2011 because plaintiffs failed to allege a common policy or plan materially uniting the proposed class. On January 31, 2012, plaintiffs requested reconsideration of the court's ruling on conditional certification or, in the alternative, to renew their motion for conditional certification of a narrower class. On April 30,

1

2012, the court denied plaintiffs' motions, but granted plaintiffs leave to resubmit their motion to renew if they could explain the parameters of the narrower class.

On May 15, 2012, plaintiffs moved for conditional certification of a more limited class "including all property claims representatives who worked under the Plaintiffs' supervisory chain headed by Michael Flynn, Defendant's Branch Claims Manager of its Atlanta Zone, during the three years predating the filing of this motion."  Pls.' Mot. 1.  On June 1, 2012, defendant responded, and plaintiffs filed a reply on June 8, 2012.

Under the FLSA, plaintiffs may institute a collective action against their employer on behalf of themselves and other employees.  Section 216(b) of the FLSA states,

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

"The Supreme Court has held that, in order to expedite the manner in which collective actions under the FLSA are assembled, 'district courts have discretion in appropriate cases to implement . . . § 216(b) . . . by facilitating notice to potential plaintiffs.'"  Purdham v. Fairfax Cnty. Pub. Schs., 629 F. Supp. 2d 544, 547 (E.D. Va. 2009) (quoting Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989)).  Under this regime, a plaintiff moves for conditional certification to permit notice to similarly situated employees prior to discovery.  If the court grants conditional certification, the defendant may move for decertification of the class after discovery is substantially underway.  At that point, the court makes a factual determination as to

2

whether the class is truly "similarly situated" and class adjudication would be manageable.  See Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1103 (10th Cir. 2001).

At the "notice stage," plaintiffs must demonstrate that notice is "appropriate." D'Anna v. M/A-COM, Inc., 903 F. Supp. 889, 894 (D. Md. 1995).  Notice is more likely to be appropriate when "'[t]he facts and the circumstances of the case illustrate' that a class of 'similarly situated' aggrieved employees exists," and the "multiple claims . . . do not require substantial individualized determinations for each class member." Purdham, 629 F. Supp. 2d at 547-49 (quoting Hoffmann-La Roche, Inc., 493 U.S. at 170)).  "[C]ourts apply a 'fairly lenient standard' for determining whether the plaintiffs are truly similarly situated" at this stage.  Anderson v. Cagle's, Inc., 488 F.3d 945, 953 (11th Cir. 2007) (quoting Mooney v. Armaco Servs. Co., 54 F.3d 1207, 1214 (5th Cir. 1995)).  However, while the burden of showing that the potential class members are similarly situated is "not onerous," it is also "not invisible."  Purdham, 629 F. Supp. 2d at 548.  "Mere allegations will not suffice; some factual evidence is necessary."  Bernard v. Household Int'l, Inc., 231 F. Supp. 2d 433, 435 (E.D. Va. 2002).

Courts have noted that the "fairly lenient" standard is appropriate at the notice stage because plaintiffs have not yet had time to "conduct discovery and marshal their best evidence."  Davis v. Charoen Pokphand, Inc., 303 F. Supp. 2d 1272, 1276 (M.D. Ala. 2004).  However, "where the parties have already engaged in substantial discovery . . . [some] district courts apply an intermediate standard" and utilize a somewhat heightened amount of scrutiny when reviewing the plaintiffs' motion.

McClean v. Health Sys., Inc., No. 11-3037, 2011 WL 6153091, at *4 (W.D. Mo. Dec. 12, 2011) (noting that there is not a consistent method of applying of this standard); see also Davis, 303 F. Supp. 2d at 1276 (requiring a "more searching inquiry . . . [when] plaintiffs have had an opportunity to conduct discovery with respect to defendant's policies and procedures").

When plaintiffs filed their first request for nationwide notice, they cited only Farmers' written policies and individual supervisor misconduct to support their argument that the proposed class was similarly situated.  This court reviewed the Farmers policies and procedures submitted by plaintiffs and found that the written policies did not violate the FLSA, and thus did not materially unite the proposed class plaintiffs sought to litigate on behalf of.  See July 22, 2011 Order ("Requiring supervisor approval for work hours, automatically deducting lunch breaks, and [Farmers]'s method of assigning work do not violate the FLSA without more."); see also Mahoney v. Farmers Ins. Exch., 2011 WL 4458513, at *7-9 (S.D. Tex. Sept. 23, 2011) ("In light of Farmers' official policy, we cannot accept [plaintiff's] allegation that Farmers had a policy of not paying employees for overtime work.").  Thus, plaintiffs were left only with allegations that their individual supervisors had violated Farmers' written policies and the FLSA.  Furthermore, while plaintiffs alleged that their "supervisors" violated the FLSA, they only pointed specifically to wrongful conduct by one supervisor, Bryan Meyers, who supervised the three plaintiffs at the same time.

Plaintiffs produced an email Meyers sent to at least the PCRs he supervised including plaintiffs potentially evincing a violation of Farmers' policies and the

4

FLSA requirements on overtime compensation; however, they could not provide anything beyond "mere allegations" that Farmers had an illegitimate nationwide policy affecting all PCRs around the country and could not point to any source of this alleged policy. The court found that because plaintiffs failed to allege a common policy or plan materially affecting the purported class, individual inquiries were likely to predominate and the nationwide class was inappropriate. See July 22, 2011 Order.[1]

In the present motion, plaintiffs request a more limited class confined to PCRs who worked under Farmers' supervisory chain headed by Michael Flynn, the Branch Manager of the Atlanta Zone for three years prior to the filing of their motion. Plaintiffs claim that the members in this class are similarly situated because each member was subject to the unwritten policies implemented by the Atlanta Zone Branch Manager. Under Farmers' management structure, as the Atlanta Zone Branch Manager, Flynn supervised four to six claims supervisors, who each managed four to seven PCRs. Viewed generously, plaintiffs' claim is that Flynn had an unwritten policy to violate Farmers' FLSA compliant written policy by discouraging PCRs from accurately reporting their hours and that this unwritten policy was promulgated by the claims supervisors who were under Flynn's chain of command and sometimes by Flynn himself.

To support the allegation of an Atlanta Zone unwritten policy, plaintiffs submitted Cantrell's deposition, wherein Cantrell claimed that Flynn instructed him

---

[1] See also Berry v. Quick Test, Inc., No. 11-4435, 2012 WL 1133803 (N.D. Ill. Apr. 4, 2012) (granting conditional certification to employees at the same office but denying a nationwide class); Ware v. T-Mobile USA, 828 F. Supp. 2d 948 (M.D. Tenn. 2011) (granting notice to two call centers, but denying nationwide notice); Hinojos v. Home Depot, Inc., No. 06-0108, 2006 WL 3712944, at *3 (D. Nev. Dec. 1, 2006) (denying conditional certification of a nationwide class, partially because of the necessity of individualized determinations).

5

to lie on his time cards if he worked through lunch so that his timecard would reflect an unpaid lunch break even though Cantrell worked those hours. Furthermore, Cantrell explained that his supervisors' discussions of overtime made him feel he would suffer adverse consequences up to termination if he requested overtime. Plaintiffs also relied on the Meyers email, which Flynn agreed violated the Farmers policy on overtime at his deposition, and their previously submitted declarations which stated that their supervisors failed to approve pre- and post-requested overtime and did not compensate them for working through their lunch breaks even when the supervisors were aware of the actual work. Finally, Flynn's deposition supported plaintiffs' contentions that it was impossible to accurately predict the number of hours a PCR would work in an upcoming week, and that the number of actual hours worked may "substantially" differ from the number of hours requested.

Since plaintiffs rely on evidence recovered during discovery to provide the basis for the alleged unwritten policy violating the FLSA, it would be "inequitable . . . to allow plaintiffs to proceed with the more lenient standard applied in cases where the parties have not yet begun discovery." McClean, 2011 WL 6153091, at *4. Nevertheless, because there is only limited discovery before the court, only limited additional scrutiny is necessary. The discovery presented demonstrates that "plaintiffs have made [a] sufficient showing beyond their original allegations that would tend to make it more likely that a class of similarly situated employees exists," necessary to justify conditional certification of the requested class. Creely v. HCR ManorCare, Inc., No. 09-2879, 2011 WL 2259132, at *7 (N.D. Ohio June 9, 2011). Importantly, plaintiffs have alleged a common policy uniting the purported class and

6

provided "something more" than "mere allegations." Although this court is applying the "intermediate standard," the inquiry here is less demanding than plaintiffs will face at the next stage of certification and the depositions that provide the foundation for conditional certification may create difficulties for plaintiffs when they are subject to heightened scrutiny.

### III.  CONCLUSION

For the foregoing reasons, the court **GRANTS** plaintiffs' motion for conditional certification.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**July 20, 2012**
**Charleston, South Carolina**

7