IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| DAVID MACGREGOR, *et al.*, ) | |
| ) | No. 2:10-cv-03088 |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FARMERS INSURANCE EXCHANGE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

      This matter is before the court on Christopher J. Fluri's motion to intervene in the case pursuant to Rule 24 of the Federal Rules of Civil Procedure. For the reasons set forth below, the court denies Fluri's motion.

## I.  BACKGROUND

      On December 3, 2010, plaintiffs David MacGregor, James Cantrell, and Debra Carnahan filed a purported class action complaint against Farmers Insurance Exchange (Farmers) for quantum meruit and violations of the Fair Labor Standards Act (FLSA). On January 13, 2011, Fluri filed notice of his consent to opt-in as a plaintiff in this suit. The plaintiffs amended their complaint on February 14, 2011. On March 4, 2011, plaintiffs moved for conditional certification of a class of all Farmers property claims representatives who have unlawfully been denied overtime pay. Though the named plaintiffs each worked in the Atlanta regional zone the last three years and under the same supervisor for some time, they initially requested certification of a nationwide class. The court denied that motion on July 22, 2011 because plaintiffs failed to allege a common policy or plan materially uniting the proposed nationwide class.

1

On January 30, 2012, Fluri moved to intervene in this case as a plaintiff. One day later, plaintiffs moved for reconsideration of the court's ruling on conditional certification or, in the alternative, for conditional certification of a narrower class. On April 30, 2012, the court denied plaintiffs' motion for reconsideration, but granted plaintiffs leave to resubmit their motion to renew if they could outline the parameters of a narrower class.

On May 15, 2012, plaintiffs moved for conditional certification of a more limited class "including all property claims representatives who worked under the Plaintiffs' supervisory chain headed by Michael Flynn, Defendant's Branch Claims Manager of its Atlanta Zone, during the three years predating the filing of this motion." Pls.' Renewed Mot. for Conditional Certification 1. On July 20, 2012, the court conditionally certified this narrower class.

## II.   DISCUSSION

Fluri seeks to intervene by right under Federal Rule of Civil Procedure 24(a). In the alternative, he requests permissive intervention under Rule 24(b).

### A. Intervention by Right

Fluri first argues that he may intervene as of right because he has a direct and substantial interest in this case, because his interests would be impeded if he were not able to intervene, because his interests are not properly represented by the named plaintiffs, and because his motion is timely.

Under Rule 24(a), on timely motion, a court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that

2

interest." Fed. R. Civ. P. 24(a)(2).  The Fourth Circuit has interpreted this rule to require that applicants seeking to intervene as of right to meet all four of the following criteria:

> (1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation.

Houston Gen. Ins. Co. v. Moore, 193 F.3d 838, 839 (4th Cir. 1999).  Fluri's motion to intervene fails under Rule 24(a) because Fluri does not meet the Fourth Circuit's requirements for intervention by right.

First, Fluri's motion to intervene is untimely.  Fluri filed his notice to opt-in to the case on January 13, 2011.  The court denied conditional certification of the proposed nationwide class on July 22, 2011.  By that denial, Fluri was dismissed from the case. See McElmurry v. U.S. Bank Nat'l Ass'n, No. 04-0642, 2007 WL 1276958, at *3 (D. Or. Mar. 23, 2007) ("[O]nce a collective action is denied, or the action is decertified as a collective action, the opt-in or putative opt-in no longer has a place in the litigation."). Though the plaintiffs continued to list Fluri as a plaintiff on court filings, Fluri was, nevertheless, not a plaintiff after class certification was denied.

After nationwide class certification was denied, the proper way for Fluri to become a plaintiff in this case would have been for him to timely petition for intervention.  Fluri did not move to intervene in this case until January 30, 2012, more than five months after the deadline to join other parties and amend the pleadings, as set out in the Consent Amended Scheduling Order.  Such delay is unjustifiable.  Fluri should have been well aware of the proceedings in this case because he has been represented by the named plaintiffs' counsel.

It is true that "mere passage of time is but one factor to be considered in light of all the circumstances" when considering an application of either permissive intervention or intervention by right. Spring Constr. Co. v. Harris, 614 F.2d 374, 377 (4th Cir. 1980). Even if Fluri had timely moved to intervene, his motion to intervene as of right still fails because he does not have an interest in the subject matter of this lawsuit. On July 20, 2012, this court conditionally certified this case as a class action "including all property claims representatives who worked under the Plaintiffs' supervisory chain headed by Michael Flynn, Defendant's Branch Claims Manager of its Atlanta Zone, during the three years predating [May 15, 2012]." Order at 2, July 20, 2012. Farmers has acknowledged that Fluri worked in the Atlanta zone, under Flynn, at some point since 2005. Dec. of Michael Flynn ¶ 6. However, Farmers also asserts – and Fluri has not disputed – that he worked within Farmers' Raleigh, North Carolina zone throughout 2008, 2009, 2010, and 2011. See Dec. of Michael Miller ¶¶ 3-4; Dec. of Scott Young ¶¶ 3, 5; Dec. of Lynda Mannisto ¶¶ 3, 7-8; Dec. of Steve Prins ¶¶ 3, 6. Because he has worked in the Raleigh zone since at least 2008, Fluri's claims fall outside the purview of this lawsuit. In other words, Fluri does not have an interest at stake in this litigation.

Furthermore, Fluri's interests will not be impeded by denial of his motion to intervene as of right. This case will address whether property claims representatives who have worked in the Atlanta zone since May 2009 have been unlawfully denied overtime pay as a result of unwritten policies implemented by that zone's management team. This case will not address questions relating to unwritten policies that were implemented in other zones. Fluri, who has worked in the Raleigh zone for at least the last three years, may freely pursue his claims through other litigation. See Fox v. Tyson Foods, Inc., 519

4

F.3d 1298, 1304 (11th Cir. 2008) (denying intervention by right where the policy being challenged was not company-wide but determined by local managers); Roussell v. Brinker Int'l, Inc., No. 05-3733, 2009 WL 6496504, at *10 (S.D. Tex. Jan. 26, 2009) (denying intervention by right where the "relevant inquiries require a determination that varies store-by-store or even manager-by-manager").

Because Fluri has no interest at stake in this litigation and because denial of his motion will not impede his interests, the court need not consider the remaining factor under the Fourth Circuit's test for intervention by right. See Roussell, 2009 WL 6496504, at *10 ("As the Court finds that intervention of right is not afforded under elements two and three of Fed. R. Civ. P. 24(a)(2), it will not consider element four."). Fluri cannot intervene in this case under Rule 24(a).

### B. Permissive Intervention

Second, Fluri argues that the court should allow him to permissively intervene in this case under Rule 24(b). Farmers responds that permissive intervention would be inappropriate because Fluri's motion to intervene is untimely, and because Farmers would be prejudiced by the intervention.[1]

---

[1] Farmers also argues that Fluri's motion should be denied because Fluri failed to meet Rule 24(c)'s filing requirements for motions to intervene. Rule 24(c) requires that a motion to intervene must be served on the parties pursuant to Rule 5 and "must . . . be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). The Fourth Circuit has "recognized that in very limited circumstances an intervenor can be excused for failing to abide by the letter of Rule 24." Bridges v. Dep't of Md. State Police, 441 F.3d 197, 208 (4th Cir. 2006) (citing Harris, 614 F. 2d at 376-77). Courts in the Fourth Circuit have considered a motion to intervene on its merits when the potential intervenor's filings "set forth sufficient facts and allegations to inform [the parties] of [the intervenor's] claims." Gottlieb v. Lincoln Nat. Life Ins. Co., 388 F. Supp. 2d 574, 578 (D. Md. 2005); see also Bridges, 441 F.3d at 208; Harris, 614 F.2d at 376-77.

Fluri filed his complaint in intervention in this case on February 27, 2012, about one month after filing his motion to intervene. While the complaint in intervention was certainly delayed, Fluri's motion to intervene itself set forth sufficient facts and allegations to inform

5

Federal Rule of Civil Procedure 24(b) enables court to permit, on timely motion, "anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). In the Fourth Circuit, a movant seeking permissive intervention as a plaintiff must satisfy the following four criteria. First, the motion must be timely. Fed. R. Civ. P. 24(b)(2); Harris, 614 F.2d at 377. Second, the movant must have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); Pa. Nat. Mut. Cas. Ins. Co. v. Perlberg, 268 F.R.D. 218, 225 (D. Md. 2010). Third, there must be an independent ground of subject matter jurisdiction. Shanghai Meihao Elec., Inc. v. Leviton Mfg. Co., 223 F.R.D. 386, 387 (D. Md. 2004). Finally, the proposed intervention must not "unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(3); see also Hill v. W. Elec. Co., 672 F.2d 381, 386 (4th Cir. 1982) (quoting Harris, 614 F.2d at 377)).

As an initial matter, it appears that the court does have subject matter jurisdiction over Fluri's claims, as his complaint in intervention arises under the FLSA. However, as discussed in further detail above, Fluri's motion to intervene is untimely.

It is less clear how Fluri fares regarding the second factor of the Fourth Circuit's test for permissive intervention. Fluri does make the same general argument as the named plaintiffs, specifically, that Farmers' managers implemented unwritten policies and procedures to deny overtime pay to property claims representatives. Like the plaintiffs here, Fluri's claims would be decided through analysis of the FLSA and related

---

Farmers of his claims. The court does not deny Fluri's motion on the basis that Fluri failed to meet the requirements of Rule 24(c). Rather, Fluri's motion fails due to its substantive flaws.

case law.  However, Fluri's claims do not share common facts with the claims at issue in this case.

It is precisely because of these differing factual questions that the parties would suffer prejudice if Fluri were permitted to intervene in this case.  At the plaintiffs' request, this lawsuit has been limited to claims relating to the Atlanta zone's business practices within the past three years.  <u>See</u> Pls.' Renewed Mot. 1; Order 1-2, July 20, 2012.  For at least the last three years, Fluri has worked in the Raleigh zone, not the Atlanta zone.  Permitting Fluri to intervene would force the parties to litigate questions not at issue in this case and would undo the progress made by the named plaintiffs to narrow their collective action allegations.  The scope of discovery would significantly increase to include events occurring either within a different set of offices, under different managers, or within an expanded time frame.  It would be prejudicial to require the parties to litigate matters not already squarely at issue in this case.

Fluri's motion for permissive intervention fails because his motion is untimely and because allowing him to intervene would prejudice the parties.  Because Fluri does not fall within the scope of the conditionally certified class, he has no place in this case.

### III.   CONCLUSION

For the foregoing reasons, Christopher J. Fluri's motion to intervene, ECF No. 64, is **DENIED**.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**October 31, 2012**
**Charleston, South Carolina**